Michael Eugene PRESTON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–747–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1988.

Sharon L. Michaels, Houston, for appellant.

John B. Holmes, Jr., Roe Morris, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of murder. A jury found Appellant guilty of the offense and found that a deadly weapon, a firearm, was used in commission of the offense. The jury assessed Appellant's punishment at confinement for seventy-five years in the Texas Department of Corrections. We affirm.

Appellant's sister-in-law, Ms. Gillis, invited the complainant to visit her at Appellant's home on April 22, 1987. When the complainant arrived at approximately 3:00 p.m., Appellant, his wife, her daughter, Nicole, Ms. Gillis and others were present in the house. Appellant and the complainant had a short, amicable conversation, then Appellant went to his bedroom to take a nap. The complainant began playing a musical tape recording at the table in the den. Appellant returned to the den and complained that the music was too loud. Appellant sat down to watch the television but continued to complain about the volume of the music. Appellant then went to his bedroom and returned to the den with a gun and said to the complainant, "I told you to get out of my house." The complainant, who had been sitting at the table, got up to leave, was shot, then ran out the door to the patio area where he collapsed and died.

Appellant asserts three points of error on appeal. In his first point of error, Appellant contends the trial court erred in refusing to submit the issue of self-defense to the jury.

Appellant testified that the complainant ignored him when he requested that the complainant lower the volume of the music. He testified that if the complainant had followed Appellant's rules and regulations and had not been so disrespectful to Appellant in his own home, the shooting would not have occurred. He stated that he was "very mad" because no one was helping him make the complainant leave and, "[I]t was up to me to get him out." He stated that he got the gun to scare the complainant and make him leave, but that, "When he jumped out of that chair, I simply shot him. I wasn't going to take any chances with him ... shooting me with my own pistol." He stated that the complainant jumped out of the chair and came toward him. Appellant testified he was afraid of the complainant because he had not listened to Appellant about the volume of the music and, that if he would not listen to Appellant about that, he would not listen about anything else and therefore must be "crazy". Appellant further testified that he was afraid of the complainant because, "He look like he a tougher guy than me. He had a full beard. I only got this junk on my chin. He had a full beard. I was scared of him. He just as big as me." Appellant stated that he was in fear for his own life and therefore he shot the complainant. He testified he wouldn't have shot the complainant more than once: "[E]ven if my life was in jeopardy after that, I swear to Almighty God, I wouldn't have shot him more than once. As far as I'm concerned I just wanted to let him know I meant business in my house where I pay rent."

Ms. Gillis ran out the garage door when she saw Appellant's gun and did not actually see Appellant shoot the complainant. However, she testified she did not hear the complainant speak to Appellant prior to the shooting or make any threatening gesture or movement towards Appellant.

Nicole testified that she heard Appellant ask the complainant to turn down the music and that the complainant complied with

this request. She stated that when Appellant ordered the complainant out of the house, the complainant arose and immediately moved away from Appellant and toward the patio. She said Appellant followed the complainant with the gun pointed in his direction. She further stated that Appellant's wife attempted to stop Appellant but was unable to do so. She testified she actually saw Appellant fire the gun and that the complainant never took a step toward Appellant, raised his fist or produced any weapon.

When Officers Northcutt and Ellis arrived at the scene, the complainant was lying on the ground near the house. He had been shot once in the side. Appellant told Officer Northcutt, "[T]he man wouldn't leave my house, so I shot him." Officer Ellis testified that he retrieved the gun from Appellant's closet and that it contained one spent round and five live rounds. He testified that Appellant told him that he had shot the complainant because the complainant ignored him when he asked him to turn down the music.

Prior to the reading of the charge to the jury, Appellant objected to the omission from the court's charge of an instruction on the issue of self-defense. Appellant contends that his testimony was sufficient to raise the issue and require the trial court to instruct the jury on the law of self-defense. Tex.Penal Code Ann. § 9.31 provides in pertinent part:

(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

(b) The use of force against another is not justified.

....

(4) if the actor provoked the other's use or attempted use of force, unless:

(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

(B) the other nevertheless continues or attempts to use unlawful force against the actor.

Tex.Penal Code Ann. § 9.31 (Vernon 1974). Tex.Penal Code Ann. § 9.32 provides in pertinent part:

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to protect himself against the other's use or attempted use of unlawful deadly force; ....

Tex.Penal Code Ann. § 9.32 (Vernon Supp. 1988).

Where the evidence raises the issue of self-defense, the accused is entitled to have an instruction on self-defense submitted to the jury. *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App.1984); *Semaire v. State,* 612 S.W.2d 528, 531 (Tex.Crim.App. 1980). Upon timely request, a defendant is entitled to an instruction on every affirmative defensive issue raised by the evidence, regardless of whether it is strong, feeble, unimpeached or contradicted, and even if the trial court is of the opinion the testimony is not entitled to belief. *Sanders v. State,* 707 S.W.2d 78, 80 (Tex.Crim.App. 1986). The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge. *Dyson v. State,* 672 S.W.2d at 463. However, if the testimony or other evidence, when viewed in a light favorable to the accused, does not establish a case of self-defense, an instruction is not required. *Barree v. State,* 621 S.W.2d 776 (Tex.Crim.App.1981).

While the case law appears to be conflicting and confusing, we believe the solution is clear and logical. If the accused, by his own testimony or by other evidence, raises the issue of self-defense, he is entitled to an instruction and charge *so long as* such evidence shows the complainant, by words

or acts, caused the accused to reasonably believe he was in danger *and* to reasonably believe deadly force was immediately necessary. The mere fact that the accused "believed" the complainant might in some manner attack the accused, without evidence of any overt act or words that would lead the accused to *reasonably* believe he was in danger, is insufficient to give rise to a right to an instruction and charge on self-defense. Appellant used deadly force; therefore, there must be evidence to satisfy the requirements of Sections 9.31 and 9.32. In the absence of evidence of use or attempted use of deadly force by the victim, the § 9.32 defense is not available and the accused is not entitled to a jury instruction on self-defense. *Werner v. State*, 711 S.W. 2d 639, 644 (Tex.Crim.App.1986); *Mathews v. State*, 725 S.W.2d 491, 494 (Tex.App.— Corpus Christi 1987, pet. granted).

Further, force used in self-defense clearly is not justified where the accused provoked the victim's use or attempted use of force. Tex.Penal Code Ann. § 9.31(b)(4) (Vernon 1974). Provocation is not a fact issue where the defendant, by his own testimony, establishes that he intended to provoke a confrontation. *Dyson v. State*, 672 S.W.2d at 463. Appellant testified that the complainant was sitting in a chair playing music on a tape recorder and that Appellant got his gun to "show him I meant business" and scare him into leaving the house. The evidence was undisputed that the complainant did nothing prior to Appellant pointing the gun at him that would cause Appellant to fear for his life. Even if the complainant had jumped out of the chair toward Appellant with the intention of taking the gun away from him, Appellant clearly would have provoked this kind of reaction by bringing the gun into the room and pointing it at the complainant. The testimony clearly established that Appellant was the aggressor and that he intended to cause a confrontation with the complainant. Therefore, as a matter of law, Appellant was not entitled to an instruction on self-defense. Point of error one is overruled.

In his second point of error, Appellant contends the trial court erred in excluding evidence, during the guilt-innocence phase of the trial, of Appellant's state of mind at the time the offense was committed.

During a bench conference, the trial court denied Appellant's request that he be allowed to present testimony from his mother that he had been "diagnosed some eight or nine years ago as a paranoid schizophrenic." Thereafter, Appellant again attempted to offer the testimony of his mother to show his mental condition and how long that condition had existed prior to the date of the offense. Appellant wanted to establish, through the testimony of his mother, that: he had been given a mental discharge from the United States Navy in 1974; that he was flown home from Hawaii in a straight jacket; that he has been in and out of mental hospitals on a regular basis since that time; that just prior to the offense he had been in the VA mental ward; that he has been in the VA mental ward since this shooting occurred; and, that he has been consistently diagnosed since 1974 as being a paranoid schizophrenic. The trial court correctly excluded this evidence.

Appellant contends this testimony was relevant and admissible under Tex.Penal Code Ann. § 19.06 as evidence showing the state of mind of the accused at the time of the offense.

Section 19.06 provides that:

In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

Tex.Penal Code Ann. § 19.06 (Vernon 1974). However, Section 19.06 neither changes, limits or extends the general rules of evidence regarding hearsay. *Werner v. State*, 711 S.W.2d at 644; *Nixon v. State*, 587 S.W.2d 709, 711 (Tex.Crim.App.1979).

The excluded evidence was hearsay when offered through the testimony of Appellant's mother. Appellant testified regarding his state of mind and all of this evidence could properly have been elicited from him. Moreover, while the excluded evidence would have been relevant on the issue of sanity, it was not relevant to Appellant's state of mind at the time of the offense. Appellant was found to be competent to stand trial and competent on the date of the offense; therefore, no sanity issue was raised at trial. The excluded evidence does not establish that Appellant was in fact under the influence of a paranoid delusion at the time of the offense. Appellant is not entitled to an enlargement of the statutory defense of self-defense because of his psychological peculiarities. *Werner v. State*, 711 S.W.2d at 645. The trial court found the excluded evidence irrelevant and inadmissible. We hold that the trial court did not abuse its discretion in excluding this proffered evidence. Point of error two is overruled.

■ In his final point of error, Appellant asserts the trial court erred in refusing to charge the jury on all the terms and conditions of probation which could be imposed upon him should he be given probation.

Appellant complains that provisions 12, 13, and 14 of the adult probation law contained in Tex.Code Crim.Proc.Ann. art. 42.12 § 6(a) should have been included in the jury charge. Appellant also argues that the definition of a "community-based facility" should have been included in the charge. Appellant maintains that had the jury been given these terms of probation in the charge, they might have made a different determination regarding punishment.

The court's charge reads in relevant part:

If probation is recommended by the Jury, the Court may impose the following conditions, among others, with respect hereto:

The charge then listed ten specific conditions of probation. During its deliberations the jury inquired whether Appellant would receive psychiatric care in the Texas Department of Corrections and the court instructed it to consider only the evidence and the charge.

The charge does not limit possible conditions of probation to those set out in the charge. Rather, it specifically states that the listed items are "among others" that might be imposed. The charge is a correct statement of the law. Tex.Code Crim.Proc. Ann. art. 42.12 § 6(a) (Vernon Supp.1988). The court is not required to list every possible condition of probation which might be imposed. *Flores v. State*, 513 S.W.2d 66, 69 (Tex.Crim.App.1974); *Valenciano v. State*, 705 S.W.2d 339, 344 (Tex.App.—San Antonio 1986, pet. ref'd.); *Tavarez v. State*, 644 S.W.2d 523, 525 (Tex.App.—Corpus Christi 1982, no pet.). The requested instruction addressed no element of the offense. It was directed to the terms and conditions which the trial court might impose if probation was recommended. The requested instruction did not affect the jury's consideration of probation or their authority to recommend probation. *Valenciano v. State*, 705 S.W.2d at 345.

Moreover, defense counsel discussed probation in his jury argument and argued that if Appellant was given probation he could seek medical treatment. The court in no way limited the jury argument concerning probation. Appellant received a sentence of seventy-five years confinement and thus was not eligible for probation. This sentence is far in excess of the maximum term for which probation may be recommended. Appellant has presented no evidence that the inclusion of these additional conditions of probation in the charge would have affected the punishment assessed by the jury. Considering the entire record, we do not find that the omission of the requested instruction from the charge was error calculated to injure the rights of Appellant. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). Point of error three is overruled.

Accordingly, the judgment of the trial court is affirmed.