**Charles Gregory
RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 621–87.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 9, 1988.

Kerry P. Fitzgerald, Dallas, for appellant.

John Vance, Dist. Atty. and Kathi Alyce Drew, Dan Hagood and Toby Shook, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW**

**PER CURIAM.**

Appellant was convicted by a jury of aggravated robbery. V.T.C.A. Penal Code § 29.03. After finding the enhancement allegations in the indictment to be true, the jury assessed a punishment of imprisonment for sixty years in the Texas Department of Corrections. The Fifth Court of Appeals affirmed appellant's conviction in a published opinion. *Richardson v. State*, 730 S.W.2d 371 (Tex.App.—Dallas 1987). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the trial court properly instructed the jury on the parole law. See Art. 37.07, § 4(a), V.A. C.C.P. We hold that the Court of Appeals did err and reverse this cause and remand it for a harmless error analysis pursuant to our opinion in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988) (on Court's own motion for rehearing) and Tex.R.App.Pro. 81(b)(2).

Appellant argues that Art. 37.07, § 4(a), supra, violates the separation of powers doctrine of Art. II, § 1 of the Texas Constitution. In *Rose*, supra, we held, inter alia, that this statute violated the separation of powers doctrine. We also held that if an instruction was given under Art. 37.07, § 4(a), supra, a harmless error analysis must be conducted pursuant to Tex.R.App. Pro. 81(b)(2) to determine whether a reversal of the trial court judgment is necessary.

Therefore, the judgment of the Court of Appeals is reversed. This cause is remanded to the Court of Appeals for a harm analysis consistent with this opinion.