Opinion issued March 23, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00691-CR




JON BENOIT GUILBEAU, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
 Harris County, Texas
Trial Court Cause No. 975831




O P I N I O N
          Appellant, Jon Benoit Guilbeau, pleaded not guilty to murder, and a jury
convicted appellant, assessed punishment at 45 years’ imprisonment, and imposed a
fine of $10,000. Appellant contends the trial court erred in (1) failing to instruct the
jury on the use of deadly force in self-defense, (2) admitting evidence of extraneous
offenses, (3) refusing to provide the jury with an instruction to disregard the
extraneous offenses after denying the instruction on self-defense, and (4) failing to
instruct the jury on sudden passion at the punishment phase of trial. We reverse and
remand for a new trial.
BACKGROUND
          On May 31, 2003, the deceased, Galen “Sparky” Sczech and Patrick Smoley,
a friend, went out drinking at Sam’s Boat. Around 2:00 a.m., Sczech and Smoley left
the bar and walked toward their vehicles. While walking to their vehicles, another
vehicle, driven by appellant, backed up “pretty fast” and nearly ran into Sczech and
Smoley. Both individuals hit the side of the car with their hands and yelled, “pay
attention, motherf***er” and continued walking.
          Thinking he had hit another vehicle, appellant got out to inspect for damage. 
After realizing it was not a vehicle, appellant yelled, “Don’t hit my car!” Sczech and
Smoley were about ten to fifteen feet from appellant’s vehicle when they heard
appellant. Sczech turned around and began to move towards appellant. In an effort
to block Sczech’s advances, Smoley stepped in front of Sczech, but Sczech shoved
him out of the way.
          Although the evidence differs as to what happened next and what words were
exchanged between Sczech and appellant, appellant testified that, after this initial
confrontation, Sczech and Smoley walked away towards their vehicle. Appellant
testified that he got back in his vehicle and grabbed his pistol because he was
planning on getting gas and was unfamiliar with the area. Appellant claimed he was
unable to drive away because of traffic in the parking lot, so he got out of his car to
speak with his brother, who was parked in a nearby parking spot. While discussing
the route home from the bar with his brother, appellant heard a loud “FU,” turned
around and saw Sczech coming towards him “very fast.” Appellant testified he
couldn’t make it back to his vehicle, so he pulled his gun from his pocket and pointed
it at Sczech. Sczech raised his hands in a supinated position and asked, “What the F
[sic] you going to do with that?” Sczech took two more steps towards appellant, and,
fearing he would take the “beating of a lifetime,” appellant shot and killed Sczech. 
          Patrick Smoley recounted a different version. He, along with two other
witnesses, testified that when appellant got out of his vehicle the first time, appellant
already had his gun drawn and pointed at Szech. He testified that when Szech saw
the gun, Szech began to turn away, and appellant shot him. 
SELF-DEFENSE INSTRUCTION
          In his first point of error, appellant complains the trial court erred in failing to
instruct the jury on the use of deadly force in self-defense. Specifically, he contends
there was at least some evidence to support such an instruction. We agree.
          Section 9.31 of the Texas Penal Code states in pertinent part
(a) Except as provided in Subsection (b), a person is justified in using force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other’s use or attempted
use of unlawful force.
          (b) The use of force against another is not justified:
                    (1) in response to verbal provocation alone.
Tex. Pen. Code Ann. § 9.31 (Vernon 2003).
          Section 9.32, which appellant claims is applicable, states in pertinent part
          (a) A person is justified in using deadly force against another:
(1) if he would be justified in using force against the other under Section
9.31;
(2) if a reasonable person in the actor’s situation would not have
retreated; and
(3) when and to the degree he reasonably believes the deadly force is
immediately necessary:
(A) to protect himself against the other’s use or attempted use of
unlawful deadly force.

Id. § 9.32.
          If evidence raises the issue of self-defense, the defendant is entitled to have it
submitted to the jury, whether that evidence is weak or strong, unimpeached or
contradicted, and regardless of what the trial court may or may not think about the
credibility of the defense. Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App.
1996); Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App. 1984). The
defendant’s testimony alone may be sufficient to raise the defensive theory requiring
a charge. Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987); Dyson, 672
S.W.2d at 463; Warren v. State, 565 S.W.2d 931, 934 (Tex. Crim. App. 1978). In
determining whether the testimony of a defendant raises an issue of self-defense, the
truth or credibility of the defendant’s testimony is not at issue. Rodriquez v. State,
544 S.W.2d 382, 383 (Tex. Crim. App. 1976); Halbert v. State, 881 S.W.2d 121, 124
(Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). A reviewing court must view the
evidence or testimony in a light most favorable to the appellant. Dyson, 672 S.W.2d
at 463. If such testimony or other evidence viewed in a favorable light does not
establish a case of self-defense, an instruction is not required. Id.
          In the instant case, since appellant used deadly force, there must be some
evidence to satisfy the requisites of sections 9.31 and 9.32 of the Texas Penal Code. 
Id. Thus, there must be some evidence to show that appellant reasonably believed
that use of deadly force was immediately necessary to protect himself against a use
of unlawful deadly force by Sczech, and that a reasonable person in appellant’s
position would not have retreated. Id.; Starks v. State, 127 S.W.3d 127, 132 (Tex.
App.—Houston [1st Dist.] 2003, pet. dism’d). In the absence of evidence of use or
attempted use of deadly force by Sczech, the section 9.32 defense is not available. 
Preston v. State, 756 S.W.2d 22, 25 (Tex. App.—Houston [14th Dist.] 1988, pet.
ref’d). However, it is not necessary that a jury find that Szech was using or
attempting to use unlawful deadly force against appellant for appellant’s right of self-defense to exist. Hamel, 916 S.W.2d 493. A person has the right to defend himself
from apparent danger to the same extent as he would if the danger were real. Id. The
term “reasonably believes” in section 9.32 encompasses the traditional holding that
a suspect is justified in defending against danger as he reasonably apprehends it. Id.
(citing Semaire v. State, 612 S.W.2d 528, 530 (Tex. Crim. App. 1981)).
          “Deadly force” means force that is intended or known by the actor to cause, or
in the manner of its use or intended use is capable of causing, death or serious bodily
injury. Tex. Pen. Code Ann. § 9.01(3) (Vernon 2003). “Serious bodily injury”
means bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ. Id. § 1.07(a)(46) (Vernon Supp. 2005).
          In appellant’s brief, he lists multiple points that he claims support an
instruction on self-defense: 1) the events unfolded quickly in a poorly lit parking lot;
2) both Sczech and Smoley were complete strangers to appellant, but were willing to
have an altercation to confront him; 3) both Sczech and Smoley were intoxicated, and
Sczech was extremely intoxicated; 4) both men were very large; 5) appellant was
younger and smaller; 6) Sczech and Smoley appeared to be “tough,”; 7) both were
angry; 8) both were acting aggressively; 9) both were being confrontational; 10) both
were using loud, threatening language that was not only particularly profane, but was
intended to provoke; 11) both were found by appellant to be intimidating; 12) both
intentionally struck appellant’s vehicle; 13) Smoley was unable to prevent Sczech
from advancing toward appellant; 14) Sczech broke away from Smoley’s grasp,
advanced “menacingly” toward appellant, and taunted appellant by “stabbing” at
appellant’s chest with his finger; 15) after walking away the first time, both men
advanced quickly towards appellant after appellant moved away from his vehicle; 16)
appellant was scared and believed he would take the “beating of a lifetime”; 17) after
appellant pulled his gun and told Sczech to “get back,” Sczech took two steps towards
appellant; 18) appellant shot Sczech to keep him from “harming appellant”; 21)
appellant hesitated before he shot Sczech; and 22) appellant panicked and was not
thinking rationally. 
          At trial, when asked why appellant pulled his gun and shot Sczech, he testified
that he “was going to take the beating of a lifetime,” that he wanted to “keep [Sczech]
from harming him,” that he knew they would “give [him] a beating,” and that it “was
the only thing [he] could do at that time to save [himself].” Given the circumstances
surrounding the incident, along with appellant’s testimony, we conclude appellant
offered some evidence to raise an issue as to whether appellant reasonably believed
that use of deadly force was immediately necessary to protect himself against an
infliction of serious bodily injury by Sczech. The truthfulness and reasonableness of
appellant’s belief is a question of fact for the jury to decide. Halbert, 881 S.W.2d at
125. 
          Regarding the possibility of retreat, some evidence of the inability to retreat is
all that is necessary. Id. Here, appellant testified that he began walking towards his
car when Szech came at him the second time. Because Szech was coming at him
“fast,” appellant testified there was not enough time to get in his car and shut the
door. When appellant realized he could not get away, he pulled his gun. There is,
thus, some evidence that would support a belief that retreat was not a reasonable
option.
          Viewing the evidence in appellant’s favor, we conclude there was some
evidence presented to raise the issue of self-defense. Accordingly, appellant was
entitled to a jury instruction on self-defense by use of deadly force under section 9.32
of the Texas Penal Code, and the trial court erred in failing to submit that instruction
to the jury.
          Having concluded that the trial court erred by failing to instruct the jury on
appellant’s right to use deadly force, we must determine whether the error harmed
appellant. Id. at 126. Because appellant properly preserved error by objecting to the
charge and by submitting his proposed jury instructions, we must reverse the
conviction and order a new trial if appellant suffered any actual harm, regardless of
degree. Hayes, 728 S.W.2d at 808. To determine if there is any harm, we must weigh
the degree of harm in light of the entire jury charge, state of the evidence, counsel’s
arguments, and any other relevant information revealed by the trial record as a whole. 
See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).
          The record shows that appellant’s entire defense rested on his right to defend
himself from Szech, a person he admittedly shot and killed. Both the prosecution and
appellant discussed the law regarding self-defense during voir dire, and appellant
began his voir dire by stating that “this case is about self-defense. It’s about the right
that everybody in this room has to not become a victim.” Appellant pursued the
theory of self-defense in his opening statements and introduced testimony on the
issue. The State even stated they had no objection to the charge. When the case was
submitted to the jury, the first question posed by the jury was “[w]hy was the charge
of self defense thrown out?” We conclude that the error in the denial of the jury
instruction on self-defense actually harmed appellant. We sustain appellant’s first
issue. 
CONCLUSION
          Because we find reversible error, we do not address appellant’s remaining
points of error. Accordingly, we reverse the judgment of the trial court and remand
for a new trial.
 

                                                             Sherry J. Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Publish. Tex. R. App. P. 47.2(b)