**Opinion filed November 2, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00297-CR

_____

## PAUL HILLARD POSEY SR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-43,815**

## M E M O R A N D U M   O P I N I O N

The jury convicted Paul Hillard Posey Sr. of aggravated assault with a deadly weapon. The jury found two enhancement paragraphs to be "true" and assessed punishment at confinement for thirty-five years. On appeal, Appellant complains that the trial court erred when it refused to instruct the jury on self-defense. We affirm.

Three witnesses, including the complainant, Derek Wilborn, offered conflicting timelines as to what occurred on the date of the offense. Additionally,

although Appellant did not testify, the trial court admitted as evidence a recording of his full custodial interview and allowed it to be published to the jury.

Appellant and Wilborn were neighbors in a mobile home that had been split into five apartments and generally housed MHMR patients. Appellant does not dispute that he and Wilborn got into an argument about Jotonnea Williams. Wilborn was staying with Williams, but Appellant claimed to have "had her first." At some point, the argument escalated. Appellant got a kitchen knife and stabbed Wilborn.[1] Wilborn hit and stomped Appellant, but there was conflicting testimony as to whether this occurred before or after Appellant stabbed him. Wilborn was not armed during the argument. Appellant admitted that he intended to kill Wilborn with the knife. He also claimed that he only cut Wilborn's hand. However, the evidence showed that Wilborn was stabbed twice: once in his shoulder and once in his groin. Appellant suffered a laceration to his mouth and swelling on his right eyebrow.

Appellant makes two arguments in his sole issue on appeal. We first address Appellant's argument that the trial court erroneously based its denial on cases that lacked precedential value. "Opinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value." TEX. R. APP. P. 47.7. It is true that the State referred to several unpublished cases during the charge conference. However, the record shows that the trial court based its decision, at least in part, upon Section 9.31 of the Texas Penal Code and upon *Hamel*, a published opinion. *See* TEX. PENAL CODE ANN. § 9.31 (West 2011); *Hamel v. State*, 916 S.W.3d 491 (Tex. Crim. App. 1996). We are not prepared to say that a trial court errs when it bases its reasoning upon unpublished authority. Even if we were to hold that a trial court does err in that situation, which we do not,

---

[1] There was also evidence showing that Appellant either hit or swung at Wilborn with a hammer. However, in the indictment, Appellant was charged only with stabbing Wilborn with a knife.

because the trial court's ruling in this case ultimately rested upon Section 9.31 and upon *Hamel*, we find no error.

Next, we consider Appellant's second argument in his sole issue on appeal: the evidence raised the justification of self-defense, and the trial court should have instructed the jury on the issue. A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial court must give a requested instruction on "every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief." *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). If there is some evidence on each element of the defense that, if believed by the jury, would support a rational inference that each element is true, then the defense has been raised. *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007). As far as self-defense is concerned, "if the evidence, viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue." *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).

Section 9.31 of the Texas Penal Code authorizes the use of force in self-defense "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." PENAL § 9.31(a). The complainant's overt acts or words must show that the accused reasonably believed he was in danger. *Preston v. State*, 756 S.W.2d 22, 25 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). To lawfully use deadly force in self-defense, the defendant must be justified in the use of force under Section 9.31 and must also reasonably believe that his action is immediately necessary to protect himself from the other's use or attempted use of deadly force.

PENAL § 9.32(a).  "Deadly force" is "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury."  *Id.* § 9.01(3).

The State charged Appellant with, and convicted him of, using a deadly weapon during the commission of the assault.  On appeal, Appellant does not challenge the fact that he used deadly force when he stabbed Wilborn.  Moreover, Appellant's own admission that he intended "to kill" Wilborn by stabbing him shows that Appellant used deadly force.  *See* PENAL § 9.01(3).  Only if the evidence satisfied each element of both Sections 9.31 and 9.32, would Appellant have been entitled to an instruction on self-defense.  *Preston*, 756 S.W.2d at 25.

Appellant argues that he was entitled to a self-defense instruction because there was evidence that Wilborn was the first aggressor.  Appellant's neighbor, Lorenzo Cerrillo, testified that he witnessed Wilborn hit Appellant "five or six times across the face" with "an open hand."  Only afterward did he witness Appellant stab Wilborn in the shoulder.  Additionally, Appellant told police that he acted in "self-defense" after "[Wilborn] jumped on [him] first."

However, even if Wilborn was the first aggressor, there is no evidence that Wilborn used "deadly force."  Cerrillo testified that he saw Wilborn hit Appellant "five or six times across the face" with an "open hand" before Appellant stabbed him.  The record contains evidence that Wilborn stomped Appellant only after he had been stabbed.  Appellant recalled that Wilborn "slapped" and "hit [him] first in the mouth" and "busted [his] mouth open."  There was no evidence that Wilborn was armed with anything other than his hands when he first attacked Appellant.  Courts have repeatedly refused to hold that mere fists constitute deadly force.  *See, e.g.*, *Dearborn v. State*, 420 S.W.3d 366, 378 (Tex. App.—Houston [14th Dist.] 2014, no. pet.); *Schiffert v. State*, 257 S.W.3d 6, 14 (Tex. App.—Fort Worth 2008,

pet. ref'd); *Ogas v. State*, 655 S.W.2d 322, 324 (Tex. App.—Amarillo 1983, no pet.). Reviewing the record in the light most favorable to the defense, we find nothing to distinguish this case from those authorities. Because Wilborn did not use deadly force, Appellant was not justified in stabbing him with a knife.

Moreover, there is no evidence that Appellant could have reasonably believed it was *immediately* necessary to use force—deadly or non-deadly. Appellant argues that his own statements show that Wilborn refused to retreat and that Appellant acted in the immediate aftermath of being hit by Wilborn. We disagree. Appellant first stated that, after Wilborn hit him, Wilborn went back to his apartment for a while. We note that Cerrillo testified that only "[a]bout a minute" transpired between when he saw Wilborn turn his back and walk toward his own apartment and when he saw Appellant stab Wilborn.[2] Appellant later stated that, after Wilborn hit him, *Appellant* went back into his apartment, closed the door, and lay down. Then, Wilborn returned and started pounding on Appellant's door, calling him names like a "coward." There is no evidence that Wilborn attempted to enter Appellant's apartment or threaten him. At this point, Appellant grabbed a knife, came out of his apartment, and stabbed Wilborn. Regardless of the time that passed, when Wilborn and Appellant parted ways, the initial assault ceased. Appellant no longer faced an immediate threat and therefore no longer immediately needed to use force. *See Graves v. State*, 452 S.W.3d 907, 911 (Tex. App.—Texarkana 2014, pet. ref'd) (finding no evidence of self-defense when the initial aggressor was shot only after he was in the process of backing away from the defendant); *Sanchez v. State*, 418 S.W.3d 302, 310 (Tex. App.—Fort Worth 2013, pet. ref'd) (finding defandant "acted out of anger, not

---

[2]Cerrillo returned to his own apartment and did not see what transpired between Wilborn walking away and Appellant stabbing him. Although Cerrillo testified that it seemed "obvious" that Wilborn had returned to fight, he also testified that Appellant "[ran] up behind [Wilborn] with a hammer and hit him on the back of the head" as Wilborn initially walked away.

5

protective instinct, in pursuing the unarmed [complainant]"). The record here shows that, when Appellant stabbed Wilborn, he was responding to the verbal insults that Wilborn made at his door. Verbal provocation is insufficient, as a matter of law, to justify the use of any force. PENAL § 9.31(b)(1). Therefore, the evidence fails to show that Appellant reasonably believed it was immediately necessary to use force when he stabbed Wilborn.

Reviewing the evidence in the light most favorable to the defense, we hold that the evidence fails to meet each element of the defense available under Sections 9.31 and 9.32. Therefore, the trial court did not err when it refused to give an instruction on self-defense. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE

November 2, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.