

**NUMBER 13-15-00600-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WILLIAM ROGERS,                                                                           Appellant,

v.

THE STATE OF TEXAS,                                                                      Appellee.

On appeal from the 24th District Court
of Refugio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant William Rogers was convicted of aggravated assault, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2017 1st C.S.), and burglary of a habitation with intent to commit aggravated assault, a first-degree felony. *See id*. § 30.02 (West, Westlaw through 2017 1st C.S.). This is the second time this appeal is before us. In our prior opinion, we vacated the aggravated assault

conviction on double jeopardy grounds because it was a lesser-included offense of the burglary charge. *See Rogers v. State*, 527 S.W.3d 329, 336 (Tex. App.—Corpus Christi 2017), *rev'd*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018). We also held that the trial court's failure to include jury instructions on necessity and self-defense, if error, was harmless. *See Rogers*, 527 S.W.3d at 336. The Texas Court of Criminal Appeals granted review on the burglary conviction and held that if there was any error, it was harmful. *See Rogers*, 550 S.W.3d at 191. It then remanded back to this Court to decide if it was error for the trial court to not give jury instructions on self-defense and necessity. *See id*. We affirm.

## I. BACKGROUND

The complainant, David Watson, testified that appellant was hiding in his master bedroom closet and ambushed him with a gunshot to the scrotum, whilst shouting "motherfu****," when he came home from work on February 14, 2013. Upon being shot, David grabbed appellant with one hand and the pistol with the other, jamming his fingers into the trigger mechanism to prevent appellant from firing again. He rammed appellant backwards into the closet, and then they struggled over the gun throughout the house. During the struggle David managed to grab a hunting knife, and they struggled over that, too. Eventually, appellant escaped David's grasp and fired at him but missed. When appellant retreated to a bedroom, David left via the front door and ran a zigzag pattern to his neighbor's house while appellant shot at him from the front porch, again missing him. David and neighbors saw appellant drive away.

Appellant, on the other hand, claimed that he had been engaged in an affair with the complainant's wife, Sandra Watson, and that he entered the house that day at her

request to feed her cats. According to appellant, David arrived home unexpectedly, and appellant could not open the back door or a window to exit undetected, so he hid in the closet. According to appellant, David approached the closet while holding a knife; upon opening the closet, David simply exclaimed, "You!" Appellant then reached for the .380 pistol that was next to him on top of a gun safe. David grabbed his hand, and appellant pulled the trigger. He and David then struggled throughout the house for control of the knife and the gun until appellant dropped the knife, and David twisted the .380 out of his hand. Appellant then pulled his .45 pistol from his pocket and shot back toward David to get him to stop. David then exited the house through the front door. Still unable to open the back door, appellant left through the front door. He heard a "pop" and saw David behind a tree. Appellant returned fire in David's direction and tried to flee. He stumbled and dropped his gun but managed to reach his truck and got away.

Appellant submitted requested jury charges on the theories of self-defense and necessity. The trial court refused to give either charge. The jury returned a verdict of guilty on both counts of burglary of a habitation and aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 30.02, 22.02(a)(2) (West, Westlaw through 2017 1st C.S.).

In our initial opinion, we reasoned that appellant's failure to rely on self-defense or necessity before the jury weighed against a finding of harm; therefore, assuming there was any error, we concluded that it was only harmless error. *See Rogers*, 527 S.W.3d at 336. The Texas Court of Criminal Appeals held that "[a]ppellant's jury, unlike Cornet's, had no opportunity to consider the defensive issues; and unlike the medical care defense at issue in *Cornet*, necessity and self-defense applied to both charges that Appellant

3

faced." *Rogers*, 550 S.W.3d at 192 (citing *Cornet v. State*, 417 S.W.3d 446, 449 (Tex. Crim. App. 2013)). The Court ultimately held that if it was error to not instruct the jury on self-defense and necessity, it was harmful. *See id*. at 196. Consequently, the Court reversed and remanded to our court to determine whether the trial court erred in refusing to instruct the jury on self-defense and necessity. *See id*.

## II. Discussion

### A. Standard of Review

A trial court's decision to deny a defensive issue in a jury charge is reviewed for an abuse of discretion. *See Wesbrook v. State,* 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *See Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *Reynolds v. State,* 227 S.W.3d 355, 371 (Tex. App.— Texarkana 2007, no pet.). If there is error and, as in the present case, the defendant preserves the alleged error, we must reverse as long as the error was not harmless. *See Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

### B. Applicable Law

A "judge must give a requested instruction on every defensive issue raised by the evidence without regard to its source or strength, even if the evidence is contradicted or is not credible." *Krajcovic v. State*, 393 S.W.3d 282, 286 (Tex. Crim. App. 2013); *see Ferrel v. State,* 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); *Gaspar v. State*, 327 S.W.3d 349, 356 (Tex. App.—Texarkana 2010, no pet.); *Guilbeau v. State,* 193 S.W.3d 156, 159 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The defendant's testimony alone may be sufficient to require a defensive theory instruction to the jury. *Broussard v. State*, 809

4

S.W.2d 556, 558 (Tex. App.—Dallas 1991, pet. ref'd). However, if the evidence, when viewed in the light most favorable to the defendant, does not establish self-defense, the defendant is not entitled to an instruction on the issue. *Gaspar*, 327 S.W.3d at 356.

Under the defensive theory of self-defense, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31 (West, Westlaw through 2017 1st C.S.).

A person is justified in using deadly force against another:

(1) if the actor would be justified in using force against the other under Section 9.31; and

(2) when and to the degree the actor reasonably believes the deadly force is immediately necessary:

(A) to protect the actor against the other's use or attempted use of unlawful deadly force; or

(B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

*Id*. § 9.32 (West, Westlaw through 2017 1st C.S.). Under the necessity defense,

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*Id.* § 9.22 (West, Westlaw through 2017 1st C.S.).

> The mere fact that the accused "believed" the complainant might in some manner attack the accused, without evidence of any overt act or words that would lead the accused to *reasonably* believe he was in danger, is insufficient to give rise to a right to an instruction and charge on self-defense.

*Preston v. State*, 756 S.W.2d 22, 24–25 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (emphasis in original) (citing *Werner v. State*, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986)); *see Mathews v. State*, 725 S.W.2d 491, 494 (Tex. App.—Corpus Christi 1987, pet. granted), *rev'd on other grounds*, 761 S.W.2d 11 (Tex. Crim. App. 1988).

## C. Analysis

We now look to the evidence to determine if appellant was entitled to the requested jury instructions. *See Krajcovic*, 393 S.W.3d at 286. When viewed in the light most favorable towards appellant, the evidence does not establish self-defense or necessity. *See* TEX. PEN. CODE ANN. §§ 9.22, 9.31; *Gaspar*, 327 S.W.3d at 356.

For example, there is evidence that David approached the closet with a knife. However, the belief that David would in some manner attack or harm appellant is insufficient by itself to require an instruction on self-defense and necessity. *See Preston*, 756 S.W.2d at 24. There must be overt acts or words that reasonably caused appellant to believe the use of force was necessary. *See id*. Merely brandishing a knife is insufficient to raise the right to receive an instruction on self-defense and necessity. *See Barree v. State*, 621 S.W.2d 776, 779 (Tex. Crim. App. 1980) (holding that defendant was not entitled to self-defense instruction, even though complainant was brandishing a knife, because there was no evidence that the complainant attempted to use or even threatened to use the knife); *see also Morin v. State*, No. 14-17-00080-CR, 2018 WL 3625290, at *2 (Tex. App.—Houston [14th Dist.] July 31, 2018, no pet. h.) (mem. op., not designated for

6

publication) (finding that, even though the deceased complainant displayed a knife, "no ordinary and prudent person in appellant's position could have believed that deadly force was immediately necessary to protect himself from the decedent's use or attempted use of unlawful deadly force" because there was no evidence that "decedent made any threats against appellant"). The evidence here indicates that David, even upon finding appellant in his closet, made no attacks; he simply attempted to grab the gun that appellant was already holding. There were no overt acts indicating that David intended to use the knife. *See Barree*, 621 S.W.2d at 779; *Preston*, 756 S.W.2d at 24–25.

Similarly, according to appellant, David said nothing other than, "You!" David made no threats and said nothing of harming appellant; David spoke no overt words that would reasonably cause appellant to believe the use of force was necessary. *See Preston*, 756 S.W.2d at 24. Typically, courts require more threatening words to entitle a defendant to a self-defense instruction. *See Gamino v. State*, 537 S.W.3d 507, 512 (Tex. Crim. App. 2017) (holding that defendant was entitled to self-defense instruction when defendant's girlfriend was threatened by three assailants and the assailants said "they were going to beat" defendant); *Walters v. State*, 247 S.W.3d 204, 207 (Tex. Crim. App. 2007) (noting that appellant received a self-defense instruction when complainant told appellant, while making a motion towards his car door, "I'm going to stop you today, once and for all"); *Semaire v. State*, 612 S.W.2d 528, 530 (Tex. Crim. App. 1980) (finding trial court erred by not giving self-defense instruction when evidence showed that complainant threatened to shoot through the door if appellant did not leave her room); *Graves v. State*, 452 S.W.3d 907, 910–11 (Tex. App.—Texarkana 2014, pet. ref'd) (finding self-defense instruction was required because the complainant told appellant he was going to "come

back and shoot the whole house up"); *Guilbeau*, 193 S.W.3d at 159 (holding that the trial court erred by failing to instruct on self-defense when the evidence showed that complainant threatened to give appellant the "beating of a lifetime"); *Halbert v. State*, 881 S.W.2d 121, 125 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (finding that the defendant was entitled to a self-defense instruction when the defendant testified that the deceased complainant told her he was going to kill her, and she believed he would); *Broussard v. State*, 809 S.W.2d 556, 559 (Tex. App.—Dallas 1991, pet. ref'd) (holding that defendant was not entitled to self-defense instruction when complainant began walking toward his car and told appellant, "we'll get it straight once and for all"); *see also Castaneda v. State*, No. 13-09-124-CR, 2011 WL 861106, at *7 (Tex. App.—Corpus Christi Mar. 10, 2011, pet. ref'd) (mem. op., not designated for publication) (holding that defendant was not entitled to self-defense instruction when complainant kept following appellant and asking him, in Spanish, "what's up?").

In summary, even in the most favorable light, appellant's version of events has him waiting in David's bedroom closet, with his own personal gun in his pants. While holding a knife, David opened the closet and exclaimed, "You!" However, David did not attack or make any movements with the knife or issue any threats. Appellant then grabbed one of David's guns in the closet; David attempted to grab the gun with his open hand but still did nothing with the knife. Appellant then shot David. There is no evidence that David spoke any words indicating his intent to attack appellant, and there is no evidence that David made an overt attack. *See Miller v. State*, 940 S.W.2d 810, 812 (Tex. App.—Fort Worth 1997, pet. ref'd); *Preston*, 756 S.W.2d at 24–25. Ultimately, there was no evidence that appellant reasonably believed that the use of force was immediately necessary to

avoid imminent harm or to protect himself against David's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. §§ 9.22, 9.31; *Gaspar*, 327 S.W.3d at 356.

We conclude that appellant was not entitled to a jury instruction on self-defense or necessity; accordingly, the trial court did not abuse its discretion by failing to include such in the jury charge. *See Gaspar*, 327 S.W.3d at 356; *Wesbrook,* 29 S.W.3d at 122. We overrule appellant's issue.

## III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
10th day of January, 2019.