

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00310-CR

BRANDI MICHELLE CREWS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 28,083-A, Honorable Dan L. Schaap, Presiding

December 30, 2019

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Brandi Michelle Crews, was found guilty of assault on a family member.[1] In this appeal, appellant challenges (1) the trial court's refusal to include a self-defense instruction in the jury charge and (2) the sufficiency of the evidence establishing her identity. We affirm the judgment of the trial court.

---

[1] See TEX. PENAL CODE ANN. § 22.01 (West Supp. 2019).

## Background

Appellant's mother, Lou Ann, characterized her relationship with appellant as "difficult." On May 22, 2017, they had been "fussing at each other," as they sometimes did. When Lou Ann refused to allow appellant to borrow her car, the fighting intensified. Lou Ann went into her bedroom, shut the door, and began getting ready for work. Appellant entered Lou Ann's room and grabbed her by the shoulders, causing Lou Ann to topple over her chair onto the floor. Lou Ann testified that she could not remember everything that happened after that, but she did recall that appellant "was mad and she was on top of [her] and she was like out of control." Lou Ann grabbed her cordless phone to call for help, but appellant took it from her and began hitting her face with it.

After appellant got off her, Lou Ann sat on the end of her bed. She heard a phone ringing. Soon appellant returned to the room with the kitchen phone, which she held to Lou Ann's ear. Lou Ann's other daughter, Lindsay, had called. Lindsay had been at the house earlier in the day, trying to ease the conflict brought on by her sister's "meltdown." Appellant instructed Lou Ann to tell Lindsay that everything was fine. Although Lou Ann relayed the message, Lindsay was unconvinced. Lindsay called the police and proceeded to her mother's house.

At the house, Lindsay and the police observed injuries to Lou Ann and found Lou Ann's bedroom in disarray. Appellant exhibited scratch marks on her face, which she attributed to her mother. Appellant stated that Lou Ann was the first aggressor. She told one officer that Lou Ann had attacked her with a knife and told another officer that Lou Ann had thrown the telephone at her. Neither officer believed that appellant's scratch

2

marks were consistent with her story. Lou Ann sought medical care in the emergency room, where she was diagnosed with a concussion, a fractured right orbital socket, and contusions.

Appellant was arrested and charged with the offense of assault on a family member that is enhanced to a felony by a previous conviction. *See* TEX. PENAL CODE ANN. § 22.01 (b)(2)(A). The jury found her guilty as charged and assessed punishment at six years' confinement in prison. Appellant timely appealed.

Analysis

Self-defense instruction

In her first issue, appellant contends the trial court erred by refusing her request for a self-defense instruction in the jury charge. After the State rested, appellant requested that the trial court add an instruction on self-defense to the jury charge. The trial court denied the request.

Appellant argues that she was entitled to the instruction and the trial court erred in refusing to submit it to the jury. All alleged jury charge error must be considered on appellate review regardless of preservation in the trial court. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). We use a two-step process to review purported error in a jury charge. *Id.* First, we determine whether the jury instruction is erroneous. *Id.* Second, if error occurred, we must analyze the error for harm. *Id.*

Self-defense is a justification for otherwise unlawful conduct. *See Giesberg v. State*, 984 S.W.2d 245, 249 (Tex. Crim. App. 1998) (en banc). A person is entitled to act

in self-defense to an assault. *See* TEX. PENAL CODE ANN. § 9.31(a) (West 2019) (a defendant is "justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force").

When determining whether a defensive instruction should have been provided, appellate courts "view the evidence in the light most favorable to the defendant's requested" instruction. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). "A defendant is entitled to an instruction on self-defense if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense." *Elizondo v. State*, 487 S.W.3d 185, 196 (Tex. Crim. App. 2016) (quoting *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001)). Whether a defense is supported by the evidence is a sufficiency question that we review on appeal as a question of law. *Shaw v. State*, 243 S.W.3d 647, 658 (Tex. Crim. App. 2007).

A defendant is entitled to an instruction involving a justification defense "only . . . when the defendant's defensive evidence essentially admits to every element of the offense *including* the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct." *Id.* at 659 (emphasis in original). The Court of Criminal Appeals has held that a defendant is not required to concede the State's version of events and that admitting to the conduct does not necessarily mean admitting to every element if the defendant "sufficiently admits" to the commission of the offense. *Gamino v. State*, 537 S.W.3d 507, 511–12 (Tex. Crim. App. 2017). Some evidence relating to the defendant's state of mind or "observable manifestations" of her state of mind at the time

4

of the alleged act of self-defense must be adduced at trial in order to submit the issue to the jury. *See Alexander v. State*, No. 03-14-00290-CR, 2016 Tex. App. LEXIS 531, at *9 (Tex. App.—Austin 2005 Jan. 21, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *VanBrackle v. State*, 179 S.W.3d 708, 713 (Tex. App.—Austin 2005, no pet.)).

In the instant case, appellant asserts that a police officer's testimony that appellant identified Lou Ann as the first aggressor is sufficient to warrant a self-defense instruction. In addition, appellant points to the officer's testimony that appellant told him the scratches on her face were caused by Lou Ann. Appellant further avers that testimony about past physical altercations between appellant and Lou Ann strengthens her claim to a self-defense instruction.

Here, appellant did not "sufficiently admit" to the commission of the offense. Moreover, appellant has not identified anything Lou Ann did or said that would have reasonably caused appellant to believe that the use of force was necessary to defend herself. There is no evidence that Lou Ann indicated that she intended to injure appellant or that appellant feared that Lou Ann would harm her. If the accused raises the issue of self-defense, she is entitled to an instruction and charge "*so long as* such evidence shows the complainant, by words or acts, caused the accused to reasonably believe [she] was in danger" and that her use of force was immediately necessary. *Preston v. State*, 756 S.W.2d 22, 24–25 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (emphasis in original). Here, the record reflects appellant's stated belief that Lou Ann started the fight. This bare assertion is insufficient to show why appellant believed it was necessary to defend herself as she claims she did. Without evidence of any words from or acts by Lou

5

Ann that would have reasonably caused appellant to believe she was in danger, we cannot conclude the trial court erred in refusing the requested instruction on self-defense. Accordingly, we overrule appellant's first issue.

Evidence of identity

In her second issue, appellant asserts that the evidence was insufficient to prove that she was the person who committed the charged offense. As she did at trial, appellant contends that the State failed to prove her identity because "at no time did [Lou Ann] indicate from the witness stand that the person sitting next to defense counsel was in fact the same person that struck her with a telephone."

We review challenges to the sufficiency of the evidence by applying the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson*, 443 U.S. at 318–19.

We find appellant's point to be without merit.  A courtroom identification is not required when other evidence is presented establishing the culpability of the defendant. *See Conyers v. State*, 864 S.W.2d 739, 740 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).  In this case, the evidence included photographs taken by a police officer at Lou Ann's house shortly after the assault.  These photographs depicted the individual who went by the name of Brandi Crews and who told the officer about the altercation she had just had with her mother, Lou Ann.  The jurors could have compared the photographs of that individual at the crime scene to the individual on trial and reasonably concluded that they were one and the same person.  Therefore, we overrule appellant's second issue.

Conclusion

We affirm the trial court's judgment.


Judy C. Parker
Justice

Do not publish.