Alexander **JUAREZ**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 01–93–00206–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 20, 1994.

William Bennie House, Jr., Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Elsa Alcala, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Alexander Juarez, was charged with murder, but convicted of the lesser included offense of involuntary manslaughter. The jury assessed punishment at 10 years confinement. Appellant raises 13 points of error attacking the trial court's charge to the jury. We affirm.

### Background

On the night of March 3, 1991, appellant and a friend, Ruben Capelo, drove to a convenience store to buy some beer. Outside the store was a group of about eight men, including Frederick Broussard and Kevin Allen. On his way out of the store, appellant got into an argument with Broussard. Allen intervened on Broussard's behalf, and Capelo testified that he saw one of the men give Allen a gun. Capelo convinced appellant to leave, and they walked back to appellant's car. Capelo and appellant both testified that as they drove away, they saw Allen aiming a gun at the car. While driving away, appellant pulled out his own gun and fired several shots into the crowd of men. One of the bullets hit and killed Elda Vasquez, a woman standing behind the men.

### Standard of review

When we review the charge to the jury, our first inquiry is whether the alleged error was preserved. If so, any harm, regardless of the degree, is sufficient to require reversal of the conviction. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984); *Gibson v. State,* 726 S.W.2d 129 (Tex.Crim.App. 1987); *Arline v. State,* 721 S.W.2d 348 (Tex. Crim.App.1986). Error is harmful if, looking at the entire jury charge, and the trial as a whole, it is calculated to injure the rights of the defendant. *Almanza,* 686 S.W.2d at 171.

If the alleged error was not preserved, the defendant must show that the harm was "egregious," or so harmful that the defendant was denied "a fair and impartial trial." *Id.* at 172; *Turner v. State,* 721 S.W.2d 909 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

In his first three points of error, appellant contends that the trial court should have included the fact that he was retreating in the instruction on the law of self-defense. Appellant contends that this exclusion violated the Texas Code of Criminal Procedure, the Sixth Amendment to the United States Constitution, and article I, section 19 of the Texas Constitution.

Appellant argues that the charge failed to "apply the law to the facts, and instruct the jury that Appellant was using self defense when he fired while retreating." To the contrary, *instructing the jury* that appellant *was using* self-defense would have been an impermissible comment on the weight of the evidence, in violation of TEX. CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979).

In addition, such an instruction would have been an improper application of the law. Appellant argues that because he fired the gun while driving away from the scene, the jury should have been instructed to find that he was retreating at the time he fired. The law is clear, however, that the use of deadly force is justified only when retreat

is unreasonable. TEX.PENAL CODE ANN. § 9.32(2) (Vernon 1974). Thus, as a matter of law, defendant could not have been in retreat at the moment he fired the gun. *Bartmess v. State*, 708 S.W.2d 905, 908 (Tex. App.—Tyler 1986, no pet.) ("The actual use of deadly force necessarily implies no retreat at the moment the force was applied. One may be in retreat and then abandon that retreat by using deadly force.").

█ The self-defense portion of the charge instructed the jury to find appellant not guilty if they decided or had a reasonable doubt that appellant acted reasonably. The charge properly allowed the jury to decide whether appellant was acting in self-defense when he fired the gun. We overrule appellant's first three points of error.

█ In his next four points of error, appellant argues that the trial court should have authorized acquittal on the ground that he was acting in self-defense not only from Kevin Allen, but from the other men at the scene. Appellant claims this error violated TEX.CODE CRIM.PROC.ANN. arts. 36.14, 36.15, and 36.19 (Vernon Supp.1994); the Sixth and Fourteenth Amendments to the United States Constitution; and article I section 19 of the Texas Constitution.

Appellant did not object to the charge on these grounds; therefore, he did not preserve this point of error. Our standard of review is the "egregious error" standard, and we will reverse only if the error is so egregious and created such harm that appellant did not have a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

Appellant introduced evidence that appellant and Capelo "were surrounded by seven or eight men."[1] Therefore, appellant argues, the jury should have been instructed that if they believed that appellant acted as a reasonable person would have if he were assailed by seven or eight men, they should acquit.

█ A person has the right to use deadly force in self-defense if a reasonable person would not retreat *and* "he reasonably believes the deadly force is immediately necessary" to defend against another's use of deadly force. TEX.PENAL CODE ANN. § 9.32 (Vernon 1974). The reasonableness of an accused's belief that force was required to defend himself is viewed from the defendant's standpoint at the time he acted. *Tanguma v. State*, 721 S.W.2d 408 (Tex.App.— Corpus Christi 1986, pet. ref'd). In order to get an instruction on self-defense involving multiple assailants, an accused must raise an issue whether he reasonably believed that he was under attack or imminent attack from multiple assailants. *Frank v. State*, 688 S.W.2d 863, 868 (Tex.Crim.App.1985); *Tanguma* 721 S.W.2d at 411. The record is silent about the conduct of the seven or eight other men. There is no evidence to suggest that it was reasonable to think that any or all were about to attack with deadly force.

The evidence showed that only Allen posed a threat to appellant and Capelo.[2] The jury was instructed on self-defense in relation to Allen.

We overrule points of error four through seven.

█ In his next four points of error, appellant contends that the jury charge was erroneous because it did not apply the doctrine of transferred intent to the lesser included offenses. Appellant claims this error violated articles 36.14, 36.15, and 36.19 of the Texas Code of Criminal Procedure, the Sixth Amendment to the United States Constitution, and article I, section 19 of the Texas Constitution.

Even assuming that this was error, it could only have benefitted the appellant. The doctrine of transferred intent serves to expand a defendant's liability when an act has an unexpected consequence. *See* TEX.PENAL CODE ANN. § 6.04(b)(2) (Vernon 1974). Without an instruction on the doctrine of transferred intent, the State did not have the benefit of the doctrine in the lesser included offenses.

---

1. "Q: How many people were around you—all at the time all this took place?
A: It was quite a few, but I don't know how many. It was about, at least seven or eight."

2. Appellant and Capelo testified that as they drove away, Allen was pointing a gun at them.

 The appellant also argues that the absence of the instruction amounted to a comment on the weight of the evidence. Because appellant cites no case authority to support this assertion, we overrule it. *Vuong. v. State,* 830 S.W.2d 929, 940 (Tex. Crim.App.1992). We note as well, that transferred intent would make no sense when applied to the lesser included offenses. These offenses are not crimes requiring intent; therefore, transferred intent is never an issue.

We overrule appellant's points of error eight through 12.

 In his final point of error, appellant contends that the charge did not instruct the jury that self-defense is a justification for the lesser included offenses, and that this error was a violation of articles 36.14, 36.15, and 36.19 of the Texas Code of Criminal Procedure.

The parties cite two cases dealing with the failure to apply self-defense to lesser included offenses, *Jordan v. State,* 782 S.W.2d 524 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd), and *Ross v. State,* 763 S.W.2d 897 (Tex.App.—Dallas 1988, pet. ref'd).

In *Jordan,* the defendant was charged with murder. The jury received instructions on murder, involuntary manslaughter, and criminally negligent homicide, as well as an instruction on self-defense. The application paragraph applied self-defense only to murder. The court of appeals held that the jury charge was misleading because the jury was not advised of their duty to apply self-defense to each of the charged offenses. *Jordan,* 782 S.W.2d at 526.

Similarly, in *Ross,* the trial court failed to apply self-defense to the lesser-included offenses. Unlike *Jordan,* however, the court included the following instruction: "It is a defense to this prosecution if the defendant's conduct was justified by law. *This applies to any alleged offense set forth in the court's charge.*" *Ross,* 763 S.W.2d at 902. The court of appeals held that the blanket instruction advised the jury to apply self-defense to the lesser included offenses. *Id.* at 903.

Here, the jury was first instructed on murder, voluntary manslaughter, involuntary manslaughter, aggravated assault, and criminally negligent homicide. Then, the trial court instructed the jury on the law of self-defense. In the application paragraph, the court instructed the jury that if it found that appellant *"did shoot"* the victim, but also found that appellant was acting in self-defense, then it was to find the defendant not guilty. The instructions were not erroneous. *Id.* We overrule point of error 13.

We affirm the judgement of the trial court.