NUMBER 13-06-109-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LORENZO LARA HAYNES, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 130th District Court of Matagorda County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza


 Appellant, Lorenzo Lara-Haynes, was convicted by a jury of murder, sentenced to
life imprisonment, and assessed a $10,000 fine. See Tex. Pen. Code Ann. § 19.02 (Vernon
2003). On appeal, appellant argues the trial court erred in failing to allow an instruction on
self-defense. We affirm.

I. Factual Background

 On the evening of July 31, 2003, appellant invited the victim, Christopher Montalvo,
to his house for drinks with friends. At some point that evening, Montalvo left appellant's
house. Before leaving, Montalvo allegedly told appellant he was going to "jack [rob]
someone before he left town." Appellant's friend, Patrick Nieminen, arrived at the house
after Montalvo had left. Appellant and Ronnie Jones were sitting on the couch in the living
room when Nieminen arrived. As Nieminen walked in, appellant told him he "thought
[Nieminen] was [Montalvo]." Appellant then told Nieminen that he wanted Montalvo "gone"
because he suspected him of having "snitched" to the cops. Nieminen then went upstairs
to retrieve his tattooing tools. As Niemenen was walking up the stairs, he heard someone
coming in the door downstairs and then heard gun shots. When Nieminen returned
downstairs, he saw Montalvo lying on the kitchen floor with "blood all around his head." 
Nieminen noted that Montalvo had been shot in the head and was not moving. Montalvo
was shot after returning to appellant's house and entering the kitchen. (1) Texas Ranger
David Maxwell testified that appellant told him he had a confrontation with Montalvo in the
kitchen in which appellant hit Montalvo in the back of the head, causing Montalvo to drop
the gun he was carrying, and emptied the gun into Montalvo. Montalvo's body was then
wrapped in plastic garbage bags, loaded into the trunk of a car, and dumped in an irrigation
ditch. 


II. Self-Defense Instruction

 In his sole issue, appellant argues the trial court erred in failing to instruct the jury on
self-defense. He argues that the issue of self-defense was raised by the evidence
introduced at trial. The State responds that the trial court did not err in refusing to instruct
the jury on self-defense because there is no evidence that Montalvo used or threatened to
use unlawful force, that a reasonable person in appellant's situation would not have
retreated, and that appellant reasonably believed the use of deadly force was immediately
necessary to protect himself. We agree.

III. Standard of Review

 When we review any alleged charge error, we first determine whether error actually
exists in the charge. See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000);
Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998); Castaneda v. State, 28
S.W.3d 685, 694 (Tex. App.-Corpus Christi 2000, no pet.). If we determine that the jury
charge does contain error, we then determine whether any resulting harm requires reversal. 
See Ovalle, 13 S.W.3d at 786; Mann, 964 S.W.2d at 641; Castaneda, 28 S.W.3d at 694. 
 A defendant has a right to a jury instruction on any defensive issue that has been
raised by the evidence, regardless of whether the evidence is weak or strong,
unimpeachable or contradicted, and regardless of what the trial court may think of its
credibility. Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001); Granger v. State,
3 S.W.3d 36, 38 (Tex. Crim. App. 1999); Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim.
App. 1996). This rule is designed to insure that the jury, not the trial court, will decide the
relative credibility of the evidence. Granger, 3 S.W.3d at 38. A defendant need not testify
in order to raise a defense. Boget v. State, 40 S.W.3d 624, 626 (Tex. App.-San Antonio
2001), aff'd, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002). Defensive issues may be raised by
the testimony of any witnesses, even those called by the State. Jackson v. State, 110
S.W.3d 626, 631 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd); Shelvin v. State, 884
S.W.2d 874, 878 (Tex. App.-Austin 1994, pet. ref'd). In deciding whether a defensive
theory is raised, the evidence is viewed in the light most favorable to the defense. Granger,
3 S.W.3d at 38. If the testimony or other evidence viewed in a light most favorable to the
defendant does not establish self-defense, an instruction is not required. Ferrel, 55 S.W.3d
at 591; Granger, 3 S.W.3d at 38. 

 A defendant requesting an instruction on self-defense with deadly force must show:
(1) he was justified in using force; (2) a reasonable person in his situation would not have
retreated; and (3) he reasonably believed the use of deadly force was immediately
necessary to protect himself against another's use or attempted use of unlawful deadly
force, or to prevent the imminent commission of specified violent crimes. Dyson v. State,
672 S.W.2d 460, 463 (Tex. Crim. App. 1984); Guilbeau v. State, 193 S.W.3d 156, 159 (Tex.
App.-Houston [1st Dist.] 2006, pet. ref'd); Flores v. State, 49 S.W.3d 29, 34 (Tex. App.-San
Antonio 2001, pet. ref'd); see Tex. Pen. Code Ann. §§ 9.31, 9.32 (Vernon 2003). (2) 
"Reasonable belief" is defined as "a belief that would be held by an ordinary and prudent
man in the same circumstances as the actor." Tex. Pen. Code Ann. § 1.07(a)(42) (Vernon
Supp. 2006); see Fielder v. State, 756 S.W.2d 309, 319-20 (Tex. Crim. App. 1988). 

 In determining whether a defendant had a reasonable belief that action was
immediately necessary for his protection, the facts and the circumstances must be judged
from the viewpoint of the defendant alone. Juarez v. State, 886 S.W.2d 511, 514 (Tex.
App.-Houston [1st Dist.] 1994, pet. ref'd). The question of whether the conduct was
justifiable is not to be viewed in the light of later events, but by what the defendant
reasonably believed at the time. See id.; see also Fitzgerald v. State, 782 S.W.2d 876, 885
(Tex. Crim. App. 1990).

 Our review focuses on whether appellant presented evidence that (i) he reasonably
believed that use of deadly force was immediately necessary to protect himself against a
use of unlawful deadly force by Montalvo, and (ii) a reasonable person in his position would
not have retreated. Guilbeau, 193 S.W.3d at 160 (citing Starks v. State, 127 S.W.3d 127,
132 (Tex. App.-Houston [1st Dist.] 2003, pet. dism'd)). 

 In the absence of evidence of use or attempted use of deadly force by Montalvo, the
section 9.32 defense is not available. Id.; Flores, 49 S.W.3d at 34; Preston v. State, 756
S.W.2d 22, 25 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd); see Tex. Pen. Code Ann.
§§ 9.31, 9.32. However, it is not necessary that a jury find that Montalvo was using or
attempting to use unlawful deadly force against appellant for appellant's right of
self-defense to exist. Guilbeau, 193 S.W.3d at 160 (citing Hamel, 916 S.W.2d at 493). A
person has the right to defend himself from apparent danger to the same extent as he
would if the danger were real. Id. The term "reasonably believes" in section 9.32
encompasses the traditional holding that a suspect is justified in defending against danger
as he reasonably apprehends it. Id. (citing Semaire v. State, 612 S.W.2d 528, 530 (Tex.
Crim. App. 1981)). 

IV. Analysis

 Appellant lists the following evidence that he claims supports an instruction on self-defense: (1) Montalvo, who had been in his home earlier and had become intoxicated, had
returned to the home without permission; (2) Montalvo was carrying a weapon; (3) Montalvo
had talked about "jacking" someone; and (4) appellant engaged in a confrontation with
Montalvo in his kitchen. 

 Appellant had the right to defend against a reasonable appearance and
apprehension of apparent danger to the same extent as against actual danger. Dyson, 672
S.W.2d at 463. Appellant has not, and does not now contend that Montalvo used or
attempted to use unlawful deadly force against him. Instead, he argues that he was entitled
to defend himself from the "apparent danger" presented when Montalvo, who was
intoxicated, returned to his home without permission, with some beer and a gun. Appellant
contends he feared Montalvo was going to rob him because Montalvo had commented that
he wanted to "jack" someone. 

 Although appellant contends Montalvo entered his home without permission, this
contention was never made at trial nor was any evidence of entry without permission
presented. Instead, the evidence at trial established the opposite-that Montalvo had been
invited to appellant's house by appellant. As it relates to Montalvo's statement that he
wanted to "jack" someone, appellant attempts to argue that he was entitled to defend
himself because he reasonably believed Montalvo was going to rob him. However, the
evidence presented at trial merely shows that Montalvo allegedly commented that he
wanted to "jack" or rob someone after telling appellant that he was having problems at home
with his mom and brother and that he was thinking about leaving. No evidence was
presented at trial that Montalvo threatened to rob appellant, used or attempted to use
unlawful deadly force against appellant, or that appellant ever felt threatened by Montalvo. (3) 
Further, there was no evidence that a threat of imminent attack or threat of an attack
existed, or that a reasonable appearance and apprehension of apparent danger existed. 
Viewing the evidence by what the defendant reasonably believed at the time, we conclude
the evidence does not establish a case of self-defense. See Fitzgerald, 782 S.W.2d at 885;
Juarez, 886 S.W.2d at 514. 

 Even assuming that appellant was justified in using force and that he reasonably
believed there was apparent danger, appellant presented no evidence that a reasonable
person in his situation would not have retreated. Appellant summarily argues that he was
not required to retreat because he was in his own house. However, in the absence of an
unlawful entry, a defendant is required to retreat if a reasonable person would have
retreated, even if the person is in his own home. See Danhaus v. State, 928 S.W.2d 81,
86 n.4 (Tex. App.-Houston [14th Dist.] 1996, pet. ref'd) (citing Valentine v. State, 587
S.W.2d 399, 402 (Tex. Crim. App. 1979)). Further, to the extent appellant's argument
implies that he did not have to retreat because Montalvo entered his house without
permission, we reiterate that this contention was not raised at trial, nor was any evidence
of unlawful entry presented. See Tex. Pen. Code Ann. § 9.32(b) (providing that the duty to
retreat does not apply to an actor who uses force against a person who is at the time of the
use of force committing an offense of unlawful entry in the habitation of the actor). Thus,
because there was no evidence to suggest that a reasonable person would not have
retreated, appellant was not entitled to an instruction on self-defense. See id. § 9.32(a)(2);
see also Frank v. State, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985) (providing that use
of deadly force is justified only when retreat is unreasonable). 

 Accordingly, appellant's issue is overruled.

 The judgment of the trial court is affirmed.


 

 DORI CONTRERAS GARZA,

 Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 1st day of March, 2007.
1. Appellant gave two statements to Texas Ranger David Maxwell. In the first statement, appellant claimed that
after Montalvo had left his house, Montalvo returned and entered the house wielding a weapon. Appellant 
"figured that [Montalvo] was going to rob [him]," so appellant hit Montalvo on the head causing him to fall to
the floor. Appellant then picked up Montalvo's gun and shot at him until there were no more bullets. In the
second statement, appellant alleged Montalvo had told him he was going to the store to buy more beer and
then, upon Montalvo's return, appellant shot Montalvo when he had his back turned to appellant. Appellant
continued to shoot Montalvo, until Montalvo fell to the floor and died. 
2. "Deadly force" means force that is intended or known by the actor to cause, or in the manner of its use or
intended use is capable of causing, death or serious bodily injury. Tex. Pen. Code Ann. § 9.01(3) (Vernon
2003). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or
organ. Id. § 1.07(a)(46) (Vernon Supp. 2006).
3. Although appellant stated that he had a confrontation with Montalvo, the only evidence of any such
confrontation was that of appellant shooting and killing Montalvo.