NO. 07-06-0483-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2008

_____


TIMOTHY UDDLEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411844; HON. JIM BOB DARNELL, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


Appellant Timothy Uddley appeals from his jury conviction of the offense of murder and the resulting sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Through three issues, appellant contends the trial court erred by not charging the jury on the issues of self-defense or defense of property and erred by excluding evidence relating to the victim's history of violence and the circumstances of the relationship between appellant and the victim. We affirm.

## Background

By a February 2006 indictment, appellant was charged with knowingly and intentionally causing the death of Andrea Mendoza by stabbing her with a knife. The indictment also included an enhancement paragraph setting forth appellant's previous felony conviction for attempted murder with a deadly weapon.

Appellant and Andrea Mendoza were married in February 2005 and had an infant child together. The couple moved into an apartment but, because of marital difficulties, Mendoza moved out in July 2005, taking her clothes and the baby. About a week later, during the early morning hours, appellant stabbed Mendoza with a knife, killing her. The stabbing occurred in the apartment's living room. Appellant was charged with murder and contrary to his not-guilty plea, the jury found him guilty as charged in the indictment. After also finding appellant had committed one prior felony, the jury assessed punishment at life imprisonment and a $10,000 fine. This appeal followed.

## Analysis

Via three issues, appellant contends the trial court erred in refusing to instruct the jury on self-defense and defense of property and erred in excluding evidence of Mendoza's history of violence, especially against appellant, and the circumstances of the relationship between appellant and Mendoza. For the reasons that follow we find no error.

*Issues One and Two–Entitlement to Instructions on Self-Defense and Defense of Property*

*Standard*

The trial court must give the jury "a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code. Crim. Proc. Ann. art 36.14 (Vernon 2007). When evidence from any source raises the issue of a lesser included offense or a defensive theory, it must be included in the charge. *Gibson v. State,* 726 S.W.2d 129, 132 (Tex.Crim.App. 1987). The court is not required to charge the jury on an issue not raised by the evidence. *Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App. 1993); *Carrillo v. State,* 591 S.W.2d 876, 890 (Tex.Crim.App. 1979).

A defense is raised[1] if there is evidence in the record making a prima facie case for the defense. A prima facie case is that "minimum quantum of evidence necessary to support a rational inference that [an] allegation of fact is true." *Shaw v. State,* 243 S.W.3d 647, 657 (Tex.Crim.App. 2007), quoting *Tompkins v. State*, 774 S.W.2d 195, 202 (Tex.Crim.App. 1987). Therefore, a defense is raised by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that the element is true. *Id.* In determining whether a defense is thus supported, a court must rely on its own judgment, formed in the light of its

---

[1] Or "supported," in the language of section 2.03(c) of the Texas Penal Code. Tex. Penal Code Ann. § 2.03(c) (Vernon 2003); *Shaw v. State*, 243 S.W.3d 647, 657 (Tex.Crim.App. 2007).

own common sense and experience, as to the limits of rational inference from the facts proven. *Id.* If a defense is supported by the evidence, then the defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court is of the opinion that the evidence is not credible. *Shaw,* 243 S.W.3d at 657. But, the evidence must be such that it will support a rational jury finding as to each element of the defense. *Id.* Whether a defense is supported by the evidence is a sufficiency question reviewable on appeal as a question of law. *Id.* at 658.

*Self-Defense*

In his first issue, appellant contends the evidence at trial supported his requested instruction on self-defense and the trial court's failure to submit proper defensive charges was harmful error.[2] We disagree.

The use of force against another for self-defense is justified "when and to the degree the actor reasonably believes[3] the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (Vernon 2007). The use of deadly force[4] requires a showing that the use of deadly

---

[2] An error which has been properly preserved, as here, will call for reversal as long as the error is not harmless. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985).

[3] "Reasonable belief" is defined as belief that would be held by an ordinary and prudent man in the same circumstances as the actor. Tex. Penal Code Ann. § 1.07(a)(42) (Vernon 2006).

[4] "Deadly force" is defined as force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, serious or bodily injury. Tex. Penal Code Ann. § 9.01(3) (Vernon 2007).

force is immediately necessary.[5]   Tex. Penal Code Ann. § 9.32 (Vernon 2007).   In determining whether a defendant has a reasonable belief that action was immediately necessary for his protection, the facts and circumstances must be judged from the viewpoint of the defendant alone.   *Juarez v. State,* 886 S.W.2d 511, 514 (Tex.App.–Houston [1st Dist.] 1994, pet. ref'd).  We view the evidence in the light most favorable to appellant to determine whether it is sufficient to raise the issue of self-defense. *Preston v. State,* 756 S.W.2d 22, 24 (Tex.App.–Houston [14th Dist.] 1988, pet. ref'd).

As a general matter, to be entitled to a justification defensive instruction, a defendant must admit the conduct charged in the indictment and then offer evidence justifying the conduct.  *Shaw,* 243 S.W.3d at 659 (a defensive instruction is appropriate only when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct)*; Young v. State,* 991 S.W.2d 835, 838 (Tex.Crim.App. 1999); *Withers v. State,* 994 S.W.2d 742, 745 (Tex.App.–Corpus Christi 1999, pet. ref'd), *citing Reich-Bacot v. State,* 976 S.W.2d 678, 679 (Tex.Crim.App. 1998) (to be entitled to a charge on self-defense, a defendant is essentially required to admit committing the conduct giving rise to the indictment).   Appellant testified at trial but maintained he did not remember the events leading to Mendoza's death.  Appellant's testimony did not raise the defensive theories he advances; therefore, only the State's evidence could possibly have raised the issue of self-defense.   *Johnson v. State,* 715 S.W.2d 402, 405-06

---

[5] A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force.  Tex. Penal Code Ann. § 9.32(c) (Vernon 2007).

(Tex.App.–Houston [1ˢᵗ Dist.] 1986, pet. ref'd). From our review of the record, however, we find the State's evidence did not raise either defensive theory advanced by appellant.

On appeal, appellant points to evidence of the couple's turbulent relationship, and Mendoza's violence toward him. With respect to the circumstances of Mendoza's death, appellant relies on physical evidence that a window of the apartment was broken in and on the testimony of Mendoza's brother, who also was living in the apartment at the time. The brother testified he saw appellant in the apartment's living room shortly before the stabbing. He said nothing about seeing Mendoza. Appellant contends this testimony leads to a reasonable inference Mendoza broke through the window to get into his apartment.[6] Thus, appellant argues, evidence reflects appellant was in his habitation, giving him the right to use deadly force under Sections 9.32(a)(1) and 9.42(1), and he did not have a duty to retreat under Section 9.32(a)(2) regardless whether he ever determined the identity of the intruder.[7] While appellant acknowledges in his brief that Mendoza was likely unarmed, he argues he perceived danger and points to his allegation that Mendoza had previously threatened to break into the apartment and kill him.[8] He points also to the violent nature

---

[6] At the time of her death, Mendoza was no longer living in the apartment with appellant and the parties had removed her name from the lease.

[7] Because this offense occurred prior to the September 1, 2007 effective date of the current statute, we apply the statute then in effect. However, we do not find it necessary to address appellant's duty to retreat.

[8] In making his argument, appellant relies upon *Hamel v. State,* 916 S.W.2d 491, 493 (Tex.Crim.App. 1996) (threat by victim in addition to victim's action of going to car to get a gun made appellant's belief, though incorrect, that deadly force was immediately necessary to protect himself against attempted use of deadly force reasonable; appellant entitled to self-defense instruction); *VanBrackle v. State,* 179 S.W.3d 708, 713 (Tex.App.–Austin 2005, no pet.) (the evidence regarding the shooting was varying and inconsistent and the appellate court could not say there was no reasonable possibility that

of the apparent break-in, Mendoza's brother's testimony that he thought it was a break-in, the fact it occurred at about 3:00 a.m. in a high crime area, and that there was minimal lighting coming from another room. Lastly, appellant points to his testimony that he was very intoxicated that night and argues he could have been operating under an impaired perception of events.

The justification of self defense is available to a defendant who "reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a) (Vernon 2007). The actor's belief that the force was immediately necessary "is presumed to be reasonable if the actor: (1) knew or had reason to believe that the person against whom the force was used: (A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment. Tex. Penal Code Ann. § 9.31(a)(1)(A) (Vernon 2007). A person is justified in using deadly force against another if the actor would be justified in using force against the other under Section 9.31 and when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force. Tex. Penal Code Ann. § 9.32(a)(1), (2)(A) (Vernon 2007); *Juarez,* 886 S.W.2d at 514.

---

the jury would have found that appellant acted in self-defense; appellant was thus harmed by failure to submit self-defense instruction); and *Espinoza v. State,* 951 S.W.2d 100, 101 (Tex.App.–Corpus Christi 1997, pet. ref'd) (if investigation reveals that the victim was unarmed, the defendant's claim of self-defense must rest entirely upon a *perceived* danger) (emphasis in original). We find these cases distinguishable.

To be entitled to an instruction on self-defense under the circumstances here, appellant had to show some evidence, from any source, on each element of the defense. *Shaw,* 243 S.W.3d at 657-58. Even were we to agree with appellant that, judged from his viewpoint, some evidence indicates he was justified in using force as described in Section 9.31 of the Penal Code, we see no evidence he reasonably believed deadly force was immediately necessary to protect himself against Mendoza's use or attempted use of unlawful deadly force. *See* Tex. Penal Code Ann. § 9.32(2)(A) (Vernon 2007). Mendoza's brother testified he heard a crash, came downstairs, and saw appellant on top of Mendoza, beating her and choking her with his hands. When the brother recognized it was Mendoza appellant was choking, he grabbed appellant by the neck to pull him off of Mendoza, and tried to "talk some sense" into appellant. Appellant punched him in the side of his head. Mendoza was on the floor in a prone position, gasping for air and attempting to crawl out of the apartment when appellant went into the kitchen to retrieve a knife. Appellant stabbed Mendoza in the back four times.[9] The knife broke and appellant went to the kitchen a second time, retrieved a second knife, and stabbed Mendoza approximately twenty-three additional times, killing her.[10] Assuming appellant was justified in using some force to the point Mendoza was subdued, even under appellant's view of the evidence, it would not support a rational inference his actions were immediately necessary to protect

---

[9] At trial, the medical examiner acknowledged that any one of these four initial stab wounds could have been fatal.

[10] The medical examiner testified at trial that the neck wound and the wound on Mendoza's back were fatal. He further testified that some of the wounds on Mendoza's face were also fatal wounds. Specifically, Mendoza sustained a cheek wound that the medical examiner testified illustrated the knife's path through the sinus underneath her eye and into the brain.

8

himself against her use or attempted use of deadly force. We agree with the trial court appellant was not entitled to an instruction on self-defense. We overrule appellant's first issue.

*Defense of Property*

Appellant bases his argument regarding his entitlement to a defense of property instruction on the same evidence he argues in support of his first issue. He asserts the evidence supports a conclusion that he was entitled to an instruction on defense of property because Mendoza was in the process of the imminent commission of robbery, aggravated robbery, burglary, theft during the nighttime, or criminal mischief during the nighttime. Tex. Penal Code Ann. §§ 9.32(a)(2)(B) and 9.42(2)(A) (Vernon 2007). Penal Code § 9.42 provides that a person is justified in using deadly force to defend property under certain circumstances:

> A person is justified in using deadly force against another to protect land or tangible, movable property: (1) if he would be justified in using force against the other under Section 9.41; and (2) when and to the degree he reasonably believes the force is immediately necessary: (A) to prevent the other's imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or (B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and (3) he reasonably believes that: (A) the land or property cannot be protected or recovered by any other means; or (B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury.

Tex. Penal Code Ann. § 9.42 (Vernon 2007).

In order for defense of property to apply, the actor must believe that deadly force is immediately necessary to protect the property. *Jackson v. State,* 753 S.W.2d 706, 710 (Tex.App.–San Antonio 1988, pet. ref'd). Here, even if we assume Mendoza engaged in criminal mischief by smashing through the window, by the time appellant first employed deadly force, Mendoza was prone, gasping for breath, and attempting to crawl away. The criminal activity had already been completed and nothing in the record supports the conclusion that Mendoza was contemplating additional criminal mischief or any other criminal activity. The evidence to which appellant points does not make a prima face case for defense of property. *See Hudson v. State,* 145 S.W.3d 323, 325 (Tex.App.–Fort Worth 2004, pet. ref'd) (when there is no evidence of a belief that force is needed to defend property, a criminal defendant is not entitled to a jury instruction on defense of property); *Hernandez v. State,* 914 S.W.2d 218, 224 (Tex.App.–El Paso 1996, pet. ref'd) (appellant not entitled to an instruction on defense of property because there was no evidence of *imminent* criminal mischief as the drive-by shooting of appellant's home had already been completed prior to utilization of deadly force). We overrule appellant's second issue.

*Issue Three--Exclusion of Evidence of Mendoza's Character and Circumstances of Relationship*

In appellant's last issue, he contends that the trial court harmfully erred by excluding relevant evidence relating to Mendoza's violent tendencies and the circumstances of the

10

relationship between Mendoza and appellant.[11] The trial court, however, permitted the testimony of a number of defense witnesses regarding the relationship between the parties. We find the excluded evidence related only to self-defense and defense of property. Given our disposition of appellant's first two issues, it follows the trial court properly excluded this evidence. We overrule appellant's third issue.

Having overruled each of appellant's three issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[11] Appellant argues that the evidence the trial court excluded fell squarely within Article 38.36(a) of the Code of Criminal Procedure, showing either that Mendoza was the first aggressor or that appellant had a reasonable apprehension of danger.