NO. 07-06-0483-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2008

______________________________


TIMOTHY UDDLEY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411844; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before CAMPBELL, HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Timothy Uddley appeals from his jury conviction of the offense of murder
and the resulting sentence of life imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. Through three issues, appellant contends the trial court
erred by not charging the jury on the issues of self-defense or defense of property and
erred by excluding evidence relating to the victim’s history of violence and the
circumstances of the relationship between appellant and the victim. We affirm.
 
BackgroundBy a February 2006 indictment, appellant was charged with knowingly and
intentionally causing the death of Andrea Mendoza by stabbing her with a knife. The
indictment also included an enhancement paragraph setting forth appellant’s previous
felony conviction for attempted murder with a deadly weapon.
          Appellant and Andrea Mendoza were married in February 2005 and had an infant
child together. The couple moved into an apartment but, because of marital difficulties,
Mendoza moved out in July 2005, taking her clothes and the baby. About a week later,
during the early morning hours, appellant stabbed Mendoza with a knife, killing her. The
stabbing occurred in the apartment’s living room. Appellant was charged with murder and
contrary to his not-guilty plea, the jury found him guilty as charged in the indictment. After
also finding appellant had committed one prior felony, the jury assessed punishment at life
imprisonment and a $10,000 fine. This appeal followed.
Analysis
          Via three issues, appellant contends the trial court erred in refusing to instruct the
jury on self-defense and defense of property and erred in excluding evidence of Mendoza’s
history of violence, especially against appellant, and the circumstances of the relationship
between appellant and Mendoza. For the reasons that follow we find no error.
 
 
Issues One and Two–Entitlement to Instructions on Self-Defense and Defense of Property
Standard
          The trial court must give the jury “a written charge distinctly setting forth the law
applicable to the case; not expressing any opinion as to the weight of the evidence, not
summing up the testimony, discussing the facts or using any argument in his charge
calculated to arouse the sympathy or excite the passions of the jury.” Tex. Code. Crim.
Proc. Ann. art 36.14 (Vernon 2007). When evidence from any source raises the issue of
a lesser included offense or a defensive theory, it must be included in the charge. Gibson
v. State, 726 S.W.2d 129, 132 (Tex.Crim.App. 1987). The court is not required to charge
the jury on an issue not raised by the evidence. Muniz v. State, 851 S.W.2d 238, 254
(Tex.Crim.App. 1993); Carrillo v. State, 591 S.W.2d 876, 890 (Tex.Crim.App. 1979). 
          A defense is raised


 if there is evidence in the record making a prima facie case for
the defense. A prima facie case is that “minimum quantum of evidence necessary to
support a rational inference that [an] allegation of fact is true.” Shaw v. State, 243 S.W.3d
647, 657 (Tex.Crim.App. 2007), quoting Tompkins v. State, 774 S.W.2d 195, 202
(Tex.Crim.App. 1987). Therefore, a defense is raised by the evidence if there is some
evidence, from any source, on each element of the defense that, if believed by the jury,
would support a rational inference that the element is true. Id. In determining whether a
defense is thus supported, a court must rely on its own judgment, formed in the light of its
own common sense and experience, as to the limits of rational inference from the facts
proven. Id. If a defense is supported by the evidence, then the defendant is entitled to an
instruction on that defense, even if the evidence supporting the defense is weak or
contradicted, and even if the trial court is of the opinion that the evidence is not credible. 
Shaw, 243 S.W.3d at 657. But, the evidence must be such that it will support a rational
jury finding as to each element of the defense. Id. Whether a defense is supported by the
evidence is a sufficiency question reviewable on appeal as a question of law. Id. at 658.
          Self-Defense
          In his first issue, appellant contends the evidence at trial supported his requested
instruction on self-defense and the trial court’s failure to submit proper defensive charges
was harmful error.


 We disagree.
           The use of force against another for self-defense is justified “when and to the
degree the actor reasonably believes


 the force is immediately necessary to protect himself
against the other’s use or attempted use of unlawful force.” Tex. Penal Code Ann. §
9.31(a) (Vernon 2007). The use of deadly force


 requires a showing that the use of deadly
force is immediately necessary.


 Tex. Penal Code Ann. § 9.32 (Vernon 2007). In
determining whether a defendant has a reasonable belief that action was immediately
necessary for his protection, the facts and circumstances must be judged from the
viewpoint of the defendant alone. Juarez v. State, 886 S.W.2d 511, 514
(Tex.App.–Houston [1st Dist.] 1994, pet. ref’d). We view the evidence in the light most
favorable to appellant to determine whether it is sufficient to raise the issue of self-defense. 
Preston v. State, 756 S.W.2d 22, 24 (Tex.App.–Houston [14th Dist.] 1988, pet. ref’d).
          As a general matter, to be entitled to a justification defensive instruction, a
defendant must admit the conduct charged in the indictment and then offer evidence
justifying the conduct. Shaw, 243 S.W.3d at 659 (a defensive instruction is appropriate
only when the defendant’s defensive evidence essentially admits to every element of the
offense including the culpable mental state, but interposes the justification to excuse the
otherwise criminal conduct); Young v. State, 991 S.W.2d 835, 838 (Tex.Crim.App. 1999);
Withers v. State, 994 S.W.2d 742, 745 (Tex.App.–Corpus Christi 1999, pet. ref’d), citing
Reich-Bacot v. State, 976 S.W.2d 678, 679 (Tex.Crim.App. 1998) (to be entitled to a
charge on self-defense, a defendant is essentially required to admit committing the conduct
giving rise to the indictment). Appellant testified at trial but maintained he did not
remember the events leading to Mendoza’s death. Appellant’s testimony did not raise the
defensive theories he advances; therefore, only the State’s evidence could possibly have
raised the issue of self-defense. Johnson v. State, 715 S.W.2d 402, 405-06
(Tex.App.–Houston [1st Dist.] 1986, pet. ref’d). From our review of the record, however,
we find the State’s evidence did not raise either defensive theory advanced by appellant.
          On appeal, appellant points to evidence of the couple’s turbulent relationship, and
Mendoza’s violence toward him. With respect to the circumstances of Mendoza’s death, 
appellant relies on physical evidence that a window of the apartment was broken in and
on the testimony of Mendoza’s brother, who also was living in the apartment at the time. 
The brother testified he saw appellant in the apartment’s living room shortly before the
stabbing. He said nothing about seeing Mendoza. Appellant contends this testimony leads
to a reasonable inference Mendoza broke through the window to get into his apartment.


 
Thus, appellant argues, evidence reflects appellant was in his habitation, giving him the
right to use deadly force under Sections 9.32(a)(1) and 9.42(1), and he did not have a duty
to retreat under Section 9.32(a)(2) regardless whether he ever determined the identity of
the intruder.


 While appellant acknowledges in his brief that Mendoza was likely unarmed,
he argues he perceived danger and points to his allegation that Mendoza had previously
threatened to break into the apartment and kill him.


 He points also to the violent nature
of the apparent break-in, Mendoza’s brother’s testimony that he thought it was a break-in,
the fact it occurred at about 3:00 a.m. in a high crime area, and that there was minimal
lighting coming from another room. Lastly, appellant points to his testimony that he was
very intoxicated that night and argues he could have been operating under an impaired
perception of events.
          The justification of self defense is available to a defendant who “reasonably believes
the force is immediately necessary to protect the actor against the other’s use or attempted
use of unlawful force.” Tex. Penal Code Ann. § 9.31(a) (Vernon 2007). The actor’s belief
that the force was immediately necessary “is presumed to be reasonable if the actor: (1)
knew or had reason to believe that the person against whom the force was used: (A)
unlawfully and with force entered, or was attempting to enter unlawfully and with force, the
actor’s occupied habitation, vehicle, or place of business or employment. Tex. Penal Code
Ann. § 9.31(a)(1)(A) (Vernon 2007). A person is justified in using deadly force against
another if the actor would be justified in using force against the other under Section 9.31
and when and to the degree the actor reasonably believes the deadly force is immediately
necessary to protect the actor against the other’s use or attempted use of unlawful deadly
force. Tex. Penal Code Ann. § 9.32(a)(1), (2)(A) (Vernon 2007); Juarez, 886 S.W.2d at
514. 
 
          To be entitled to an instruction on self-defense under the circumstances here,
appellant had to show some evidence, from any source, on each element of the defense. 
Shaw, 243 S.W.3d at 657-58. Even were we to agree with appellant that, judged from his
viewpoint, some evidence indicates he was justified in using force as described in Section
9.31 of the Penal Code, we see no evidence he reasonably believed deadly force was
immediately necessary to protect himself against Mendoza’s use or attempted use of
unlawful deadly force. See Tex. Penal Code Ann. § 9.32(2)(A) (Vernon 2007). Mendoza’s
brother testified he heard a crash, came downstairs, and saw appellant on top of Mendoza,
beating her and choking her with his hands. When the brother recognized it was Mendoza
appellant was choking, he grabbed appellant by the neck to pull him off of Mendoza, and
tried to “talk some sense” into appellant. Appellant punched him in the side of his head. 
Mendoza was on the floor in a prone position, gasping for air and attempting to crawl out
of the apartment when appellant went into the kitchen to retrieve a knife. Appellant
stabbed Mendoza in the back four times.


 The knife broke and appellant went to the
kitchen a second time, retrieved a second knife, and stabbed Mendoza approximately
twenty-three additional times, killing her.


 Assuming appellant was justified in using some
force to the point Mendoza was subdued, even under appellant’s view of the evidence, it
would not support a rational inference his actions were immediately necessary to protect
himself against her use or attempted use of deadly force. We agree with the trial court
appellant was not entitled to an instruction on self-defense. We overrule appellant’s first
issue.
          Defense of Property
            Appellant bases his argument regarding his entitlement to a defense of property
instruction on the same evidence he argues in support of his first issue. He asserts the
evidence supports a conclusion that he was entitled to an instruction on defense of
property because Mendoza was in the process of the imminent commission of robbery,
aggravated robbery, burglary, theft during the nighttime, or criminal mischief during the
nighttime. Tex. Penal Code Ann. §§ 9.32(a)(2)(B) and 9.42(2)(A) (Vernon 2007). Penal
Code § 9.42 provides that a person is justified in using deadly force to defend property
under certain circumstances: 
A person is justified in using deadly force against another to protect
land or tangible, movable property: (1) if he would be justified in using force
against the other under Section 9.41; and (2) when and to the degree he
reasonably believes the force is immediately necessary: (A) to prevent the
other’s imminent commission of arson, burglary, robbery, aggravated robbery,
theft during the nighttime, or criminal mischief during the nighttime; or (B) to
prevent the other who is fleeing immediately after committing burglary,
robbery, aggravated robbery, or theft during the nighttime from escaping with
the property; and (3) he reasonably believes that: (A) the land or property
cannot be protected or recovered by any other means; or (B) the use of force
other than deadly force to protect or recover the land or property would
expose the actor or another to a substantial risk of death or serious bodily
injury. 
 Tex. Penal Code Ann. § 9.42 (Vernon 2007).
          In order for defense of property to apply, the actor must believe that deadly force
is immediately necessary to protect the property. Jackson v. State, 753 S.W.2d 706, 710
(Tex.App.–San Antonio 1988, pet. ref’d). Here, even if we assume Mendoza engaged in
criminal mischief by smashing through the window, by the time appellant first employed
deadly force, Mendoza was prone, gasping for breath, and attempting to crawl away. The
criminal activity had already been completed and nothing in the record supports the
conclusion that Mendoza was contemplating additional criminal mischief or any other
criminal activity. The evidence to which appellant points does not make a prima face case
for defense of property. See Hudson v. State, 145 S.W.3d 323, 325 (Tex.App.–Fort Worth
2004, pet. ref’d) (when there is no evidence of a belief that force is needed to defend
property, a criminal defendant is not entitled to a jury instruction on defense of property);
Hernandez v. State, 914 S.W.2d 218, 224 (Tex.App.–El Paso 1996, pet. ref’d) (appellant
not entitled to an instruction on defense of property because there was no evidence of
imminent criminal mischief as the drive-by shooting of appellant’s home had already been
completed prior to utilization of deadly force). We overrule appellant’s second issue.
Issue Three--Exclusion of Evidence of Mendoza’s Character and 
Circumstances of Relationship
          In appellant’s last issue, he contends that the trial court harmfully erred by excluding
relevant evidence relating to Mendoza’s violent tendencies and the circumstances of the
relationship between Mendoza and appellant.


 The trial court, however, permitted the
testimony of a number of defense witnesses regarding the relationship between the
parties. We find the excluded evidence related only to self-defense and defense of
property. Given our disposition of appellant’s first two issues, it follows the trial court
properly excluded this evidence. We overrule appellant’s third issue.
          Having overruled each of appellant’s three issues, we affirm the judgment of the trial
court.
James T. Campbell

Justice



 

Do not publish.